We're going to move now to PO 24-2676, Motykie v. Motykie, and Mr. Amacitelli, we'll begin with you. May it please the court, opposing counsels, ladies and gentlemen. My name is James Amacitelli. I am the attorney for the plaintiffs in this matter. Kevin Motykie is one of the plaintiffs. Katherine Torbik is another plaintiff, and JT, a minor, is a third plaintiff. This is a lawsuit that was brought against the defendants in this case for constitutional violations regarding an entry of an order of emergency order of protection that was entered on December 23, 2021, and then later vacated completely, and a read order of no unlawful contact was entered, and if in fact that order was applied with for one year, the entire case would be dismissed, and that's why it's important in this particular matter, because we're asking this court to reverse the district court's dismissal of the complaint based on the Rupert Feldman doctrine. Is the settlement agreement, Mr. Amacitelli, part of the record? Yes. And do you happen to have the docket entry or the reference to it? I believe it was 64.1 or 64-1.  Right. Is it your argument that the settlement agreement incorporation of the resolution of the emergency order of protection, that that lapses after the settlement agreement? The settlement agreement is still in effect, it's just that it had a one-year expiration for purposes of them being able to return to court to effectuate it, is that correct? It's correct, Your Honor, but it is not effective. It is eliminated. It is dismissed with prejudice. The entire case is gone, so it was a temporary order that was to be abided by by the parties, and that's an important issue in this particular case too, because it eliminates the plaintiff's ability to really get their due course and to talk about their damages. The damages that we claim in this particular case... But the order of protection is still extinguished. That was part of the settlement agreement, right? It's gone. It's vacated. And Judge, I think that's an acknowledgement by the state court that in fact that order of protection was entered improperly. Well didn't the state court dismiss it or extinguish it based on the settlement? Just on the fact that there was no longer going to be a hearing on the actual order of protection that would give a two-year time frame as a final order, final judgment. There's all these interlocutory orders that in fact are vacated and are no longer in existence, and that's what I asked the court to take judicial notice of. Those particular matters, although they were agreements along the way, it was to get rid of this entire case. Mr. Cotelli, is there a transcript from the state court proceedings? The judge who entered the order checked a box indicating that it had made findings orally and videotaped or recorded by a court reporter and incorporated into its order, but I didn't see a transcript or any indication of that record from the state court in the federal court proceeding. Most of the conversations that occurred during the December 23, 2021 hearing for the emergency order of protection that was entered ex parte happened in the back room. But it says there was a court reporter or some type of recording device. There is a recording device, but it is very limited in what was discussed. So that was never transcribed? It was transcribed. Is that transcription anywhere in the docket? I believe it is. I couldn't address where it is at this point. But it is, Judge, and the box that was checked talks about considering factors under Illinois Statute 750-ILCS-60-214-2B-2B, which explained you try to balance the hardships in this particular case. What was entered was an order of protection, but also an order of possession of the residents that the plaintiffs leased from the defendant. The defendant had no right to occupy those premises. So, Mr. Machetel, you're turning to the argument, to the merits now. The district court dismissed this case based on Rooker-Feldman doctrine. If the district court incorrectly dismissed it based on Rooker-Feldman, you have not raised in your briefing anything about the merits. Is that something we can address, or should we send it back to the district court? That's something that I believe that this court can address also. You haven't argued it anywhere in your briefs. Because it's a jurisdictional question as to what's before this court right now. I understand that. That's why my question is why you haven't argued it in your briefs, so we don't have the benefit of your briefing. How can we take it up if we reverse on the Rooker-Feldman? Well, Your Honor, it's important. The reason that I bring up the facts of the case is because the plaintiffs are seeking damages. They sustained substantial damages. And in fact, the orders that were entered by the state court are not the only things that caused their damages. The unlawful conduct of the police officers and a defendant, Gary Monacchi, MD, when they gained entrance into the plaintiff's home. They used a locksmith to defeat the lock, and that entered the premises. That violates the Fourth Amendment substantially. Are you saying that's fraud and corruption? Well, see, that's a tricky issue in this particular case. Because I myself was one of the attorneys that was involved in the Hatsi Tanepet case. And I asked this court for a re-hearing. And it was an en banc hearing. Several justices agreed that fraud and corruption are exceptions. Some judges said, no, we're only going to consider fraud. So they didn't consider public corruption. And then in that particular order, it states maybe the Supreme Court should entertain this issue, because there is a division in the Seventh Circuit, as well as all the other circuits. So I asked the court to take into consideration that this is a fraud case. A defendant, Gary Monacchi, goes into a court, under color of law, gets an order, provides false information to the court, and says that he lives in the premises. How is it fraud is to the officers? The officers had an order from the judge that they could go in and take possession. And the officers executed that order. I understand what you're saying about the defendant's fraud. But how is it fraud is to the officers? The judge did not tell them that they could go and breach all of the constitutional rights of a party to their privacy. They had an order to go into the home and take possession. They had an order to serve that order, not to go into the home. And the moment they breached that door space, they violated my client's constitutional rights under the Fourth Amendment. There's case law that I cited in my brief that talks about that on the East Coast in North Carolina. The moment they forced their way into the premises, they've defeated the entire statute under the forceful entry and detainer rules. So why not bring that case in state court? Because, Judge, it's a constitutional issue. You can have constitutional Madisonian compromise. You can have federal constitutional rights vindicated in state court. There's no preclusion of that. Well, Your Honor, in this particular case, we were trying to get the state court to address these issues. And the state court would not address these issues. My clients are missing a half a million dollars of their property, because not one court would enforce the orders that were entered. Is your concern res judicata in state court? There is no res judicata, because everything is dismissed. So I asked the court, you need a final judgment in order for res judicata to apply. So which returns to the question, why not sue in state court? Because the court that I was before stated they had limited jurisdiction. They could not handle civil matters.  New lawsuit. New civil lawsuit attempting to effectuate Fourth Amendment or 14th Amendment constitutional rights. Correct. One of the reasons is Dr. Monike is not a citizen of Illinois. He is a citizen of California. We asked the court to take judicial notice of the constitutional arguments. I believe this court is a more appropriate jurisdiction or venue to bring those claims before. Let me direct your attention to facts on the Rooker-Feldman question. Yes, sir. You've been a participant in a lot of Rooker-Feldman litigation. Yes, sir. You did Hadzi Tonovich. You're familiar with our Gilbank on Bonk opinion. In the Gilbank opinion, there was a change that occurred in the state court. And our court fractured on this question of whether or not there could be a damages claim with regard to a theory after the state court had effectuated a change. Second Circuit said the same thing. Sixth Circuit said the same thing. For example, the daughter had been returned. There had been a change in the state court. What change or difference occurred here? The Inverness home is no longer in your client's possession. There's been this slow drip of the property being returned through the pods. But we've got the same theory that's applied all the way through. There's been no change as a result of the state court. Isn't that correct? Right. State court never addressed those issues. They continued to refuse to give us a hearing. And they kept saying that the parties had to resolve this particular issue. And that's why I want to stay away from the state court. I think it's very important to get a fair tribunal and partial tribunal. I don't think we're going to get that in the state court because of the mistakes that were made in the particular state court. Judge, we also take into consideration that Gilbank case. It talks about we're not asking this court to reverse anything that happened in the state court. The state court did it itself. It vacated the order that was entered on December 23, 2021. And that was a big issue. Because when you vacate it, that means it's held for naught, that it never existed. Well, you're asking us to review that determination, that decision. And it's an interlocutory appeal issue. So the cases that we cite are the Kowalski v. Boliker, 893 F. 3rd 987. There's also a recent case that discusses the Gilbank case, Taylor v. Circuit Court of Cook County. So in this particular case, the facts are more in support of this court retaining jurisdiction because, in fact, nothing happened in the state court. We're not asking you to vacate any judgment. We're asking you to look at and to acknowledge that the state court did make a mistake, which I think the state court acknowledged by vacating all of the orders and dismissing the action with prejudice. Would you like to reserve the remainder of your time? I would. Thank you so much, Your Honor. Thank you, Mr. McAtulley. We'll now move to Ms. Kunkel. Yes, thank you, Your Honor. Good morning, Your Honors. May it please the court. My name is Kathleen Kunkel, and I represent the Village of Inverness defendants' appellees. Along with me are the attorneys representing the co-defendants, co-appellees, Joseph Howard and Dr. Gary Modicchi. With my time, I will be addressing the Rooker-Feldman issue, as well as touching on qualified immunity and appellants' Fourth and 14th Amendment claims. Counsel for Mr. Howard will be addressing the absolute litigation privilege and failure to state a claim arguments. And counsel for Dr. Modicchi will be addressing how appellants forfeited their right to challenge the trial court order by failing to address it in the state court and claims against Dr. Modicchi arguments. Now, Judge St. Eve, before I launch into everything, I want to come back to your question of appellants' counsel about the hearing or the recording. Our view is no, that recording, a transcript of that recording is not in the record. I didn't see it. Yeah, no, we've confirmed that it is not in the record. OK, thank you.  And also, I do want to clarify, the emergency order of protection itself, the document which is in the record, the box is checked where it says police enforced. What that means is the police can enforce that emergency order of protection. They can enter the house to do that. That is what that means. Now, your honors and appellants' counsel had some discussion about Gill Bank. Ms. Kugle, I was troubled that the district court didn't even mention Gill Bank. And we said, I know Gill Bank is a fractured opinion, but I think we were all in agreement that the inextricably intertwined concept is gone. And that was really the basis of the district court's opinion here. So how can we affirm on that? And this is exactly where I'm going with this first point. So I want to lay out the timeline here, because I think it's important. The district court's decision granting the motion to dismiss was entered August 28, 2024. Right, shortly after Gill Bank. Gill Bank was entered August 1, 2024, Two days before the district court's order came out, on August 26, 2024, we, the Inverness defendants, we made a motion for leave to file and cite additional authority. And we provided to the court and all of the parties with a copy of the Gill Bank decision. And that's at docket 71 and 71. Yes, you did exactly what you should have. Now, I bring this back, because I want to talk about waiver, in the sense that I heard appellants counsel argue, and they argued it in their reply brief, that Gill Bank should not apply, because plaintiffs, appellants here, sought damages. But I want to note to the court, to this court, that it's important that appellants fail to argue in the district court that the reasoning and holding of Gill Bank precluded a bar under Rooker-Feldman. And I've laid out that timeline for you. But isn't it jurisdictional? You can't waive that. You can. If you are the proponent of subject matter jurisdiction. No, district court, we have an obligation to look at jurisdiction on our own. I understand, but. You can't waive subject matter jurisdiction. You can waive the argument. Nobody ever waives subject matter jurisdiction, and your honor is correct. Every court has an independent duty to make sure it has subject matter jurisdiction. If Gill Bank precludes the application of the Rooker-Feldman doctrine here, which goes directly to jurisdiction, even if it wasn't argued by your opponent below, you don't waive that. We have an independent obligation to make sure we have jurisdiction. I would move on beyond that argument. Well, we've cited case law, and there is case law that holds the proponent of subject matter jurisdiction waives an argument that could have been made to support subject matter jurisdiction. And that's Travelers' Property Casualty versus Good, 689 Federal 3rd, 714 at 718, 7th Circuit, 2012. Ms. Conkle, there are a couple of defendants in this case that weren't part of the state court action. Isn't that correct? That's correct. So the Rooker-Feldman doctrine wouldn't be able to bar any claims against them. I think Rooker-Feldman does apply to bar claims against them, though, because one can't. Because they weren't parties in the state court action, and so they can't be, quote unquote, state court losers, right? And so why would the Rooker-Feldman doctrine bar claims against defendants who weren't even part of the state court action? Because the claims of the appellants or the plaintiffs themselves necessarily call for review and rejection of that state court order. Right, but the fact that they need to be parties to state court action is an independent element, isn't it, of the Rooker-Feldman doctrine? I suppose, Your Honor, it is. I mean, the first element of the Exxon test is federal plaintiff was a loser in state court, to your point. However, again, I think the fact that the appellants here, if you look at plaintiffs' amended complaint, if you look at their arguments here in the appellate court, all of the arguments derive from the actions of the defendants based on that state court order. Right. There's nothing apart from that. To what Judge Staney said. That's where the inextricably intertwined kind of came in. But let me ask you another question. The order of protection is now no longer in existence, right? It is? I disagree. I disagree. You disagree? You don't think it was vacated by the courts entering the settlement order? I read that differently. I think appellants, by settling, they specifically agreed that that order would remain in place. Now, I understand that the- to vacate the emergency order of protection and stanter. I don't know how much clearer the language can be. No, understood, understood. But because appellants agreed to it, that or, you know, because the settlement provided the basis for the dismissal of the case, for the vacating of the order, it's not as if the order was vacated and then plaintiff's appellants got to have possession back of the property. The circumstances didn't change. Correct. The circumstances didn't change. So I think that is, you know, a distinction, respectfully, a distinction without a difference, if you will. And I did want to talk about the finality of the order. State law is very clear that the order, the emergency order of protection, is a final order. It is final. State law determines when an order is final. This order of protection is final. Pursuant to Illinois Supreme Court Rule 307, and then a case we cite, N. Ray TH 354, ill at third, 301 at 307 from 2004. And I do want to tie this into review and reject, because this case, this case is the case to which Gilbank does not apply. If we're going to pass waiver and we get to Gilbank, Gilbank does not apply here. In Gilbank, the court specifically declined to announce a bright line rule that if a plaintiff seeks money damages, then Rooker-Feldman cannot apply. That door was left open. And this is the case that walks through that door. This case falls into that exception, because although appellants sought money damages, they are specifically seeking review and rejection of the state court order. If we look at plaintiff's appellant's own words in their opening appellate brief, they state at page 15, quote, plaintiffs are not trying to set aside a state court judgment. OK, but they continue. Quote, what plaintiffs are claiming is that the state court entered an exclusive order of possession without considering the required elements under the state statute, 750 ILCS 60 slash 214 B2B. And then again at page 16, they state, quote, plaintiffs request this court of appeals to examine the state court's rulings and the state court's failure to review the requirements under the state statute. And if you look at their First Amendment complaint, all the factual allegations and the causes of action relate to this order. Plaintiff's appellant's own words are asking this court to review and reject the state court order, and that's specifically what Rooker-Feldman prohibits. That's the purpose of Rooker-Feldman. I would like to touch on the element about whether appellants were precluded from raising claims in the state court. That element is extremely narrow. It is that element is that the appellants are somehow procedurally precluded. They are barred from raising claims in the state court. The inquiry is not whether they actually did it or not, right? And we again look at appellant's First Amendment complaint. All of the factual allegations, all of the causes of action derived from the state court order. And I just want to highlight, appellants could have attended court hearings, but they chose not to. They could have demanded a hearing to have the emergency order of protection set aside. They chose not to. And appellants never challenged the emergency state court order either in the trial court or by an appeal. But they brought their appeal here, and that's what Rooker-Feldman precludes. They should have appealed it in the state court, but they didn't. They came here. Thank you, Ms. Conkle. Thank you. We'll move now, Mr. Yalopur, to you. May it please the court, Ramses Yalopur on behalf of attorney Joseph Howard, defendant slash appellee. Your honors, I'm here to argue a couple arguments. First and primarily, that should the court find that Rooker-Feldman did not apply in the district court, that still the case should be dismissed on the grounds of the attorney absolute litigation privilege. That privilege, which not only protects attorneys, also protects litigants in litigation. And there only needs to be one element met for that protection to apply. And quote, the only requirement is that the communication pertains to proposed or pending litigation. And that's in the appellate case in Illinois, Golden versus Mullen 295, ILAP 3D 865. That requirement here is clearly met. All the claims against my client, attorney Joseph Howard, and four out of the five state law claims. Does that privilege apply to the federal claims? So judge, um. To the 1983? They do not, and we're not making that argument. There are no federal claims against my client. With respect to Dr. Modicchi, there are federal claims against him, but we're not making the argument that the privilege applies to those. So with respect to my client, attorney Howard, there are three state law claims. We are arguing that the privilege applies to all three. With respect to Dr. Modicchi, there are five state law claims. We are arguing that four out of the five are barred by the absolute litigation privilege. The only one that wouldn't apply that we're not making the argument for is the conversion count, count six, excuse me, of the amended complaint. But all other state law claims in this case, as against attorney Howard and Dr. Modicchi, are barred by the absolute litigation privilege. We did address this in the underlying case in the district court. It was fully briefed on our motions to dismiss, two motions to dismiss, fully briefed on both. Although the court didn't address or didn't rule on the privilege, it still can be a grounds for affirming here. And I rely, for that point, on Hero versus Lake 2027 Circuit opinion that says, even if a court dismisses based on lack of jurisdiction, the appellate court can affirm on the merits. And here we have that in spades. The privilege clearly applies. And although the district court didn't rule on that ground, in a footnote, I believe it was, the district court did acknowledge that the privilege would, at minimum, apply to my client. Because clearly, all the cause of action against attorney Howard stemmed from his statement and his conduct in the underlying litigation. That is quintessential attorney litigation privilege. Aside from that, and I will just point out that, yes, the appellants in this case didn't address that in the reply brief for some reason. But that's not our issue. It was briefed in the district court. We briefed it in our joint appellee brief. The fact that they chose not to acknowledge that has no bearing on us. Thank you, Mr. Jalapur. Thank you. We'll now move Ms. Bushell to you. May it please the court, Lydia Bushell, on behalf of appellee Dr. Gary Matake. I'd like to highlight two alternative affirmance grounds from the district court's findings that are supported by those findings, even though they were not reached. They were discussed in the Rooker-Feldman analysis. First, appellants are seeking relief in federal court based on a theory that the state court's order was wrongly entered, but they waived their right to make that claim through their inaction and settlement in the state court proceedings. The district court below has already found in the context of the Rooker-Feldman analysis that appellants had the opportunity to raise the issues that they complained of in the state court proceedings, including constitutional challenges to the order of protection. That's at page four of the opinion. The terms of the order of protection itself advised appellants, upon service, that they had the opportunity to challenge the order if they believed it was not authorized under the law. An Illinois statute requires that if a petition challenging the exclusive possession is wrong, the decidement is filed in the state court. The state court has to hear that within 14 days. Yet appellants did not undertake any effort to challenge the order. I disagree with Mr. McIntyre's description of what his complaint in this case says. The only issues that were brought up in the complaint, and you can see the amended complaint at docket 53, paragraph 6 to 12, they're discussing the return of personal property. They are not challenging the exclusive possession element, which is what they had the opportunity to do in the state court. Instead, appellants affirmatively settled the order. They agreed to the very part of the order that they now say was incorrectly entered. They agreed to Dr. Modicchi's right to exclusive possession of the residence. Appellants should not be allowed to ask a federal court to determine that an order was wrongly decided after they did not even attempt to have the order set aside in the state court, and in fact, contractually agreed to abide by the key term. The section 1983 claims and related state law claims can and should be dismissed on this ground as well. Quickly, section 1983 claims against Dr. Modicchi should be dismissed because he is a private citizen and not a state actor. Appellants argued below that Dr. Modicchi is a state actor because he conspired with the court and then with police officers to have the order of protection entered and enforced. But in its dismissal order, the district court summarized appellant's fraud and conspiracy allegations and found they failed to satisfy a voluntuamly, let alone, Rule 9. The section 1983 claims against Dr. Modicchi, which are based only on that alleged conspiracy that the district court found was insufficiently pled, must accordingly fail. Thank you. Thank you, Ms. Buchel. Mr. McAtally, we'll move back to you now for rebuttal argument. Much has been argued about. Can I ask you a question right away? You're not attempting to void the settlement agreement. Is that correct? Your Honor, the settlement agreement no longer exists. It was dismissed with prejudice. So you're saying that once it was dismissed with prejudice, everything about the case is just gone. 100%. And that's why these are temporary orders. They were to keep order between the parties. And what's important for the court to understand. I don't understand how the settlement agreement doesn't exist. You could say the state court action doesn't exist. But the settlement agreement, you entered it. And it was your agreement. I don't understand how that doesn't exist. Maybe the terms have been complied with, so you no longer have to do anything with respect to it. But to say it doesn't exist doesn't make sense. Your Honor, it does not exist. It was when the case is dismissed, it is no longer in existence. You could not abide by the terms of it anymore after the case was dismissed? There was a time frame in that order that we had to do it for one year. And after that one year, the case would be dismissed along with the agreement. There is nothing pending in the state court whatsoever. And that's a problem in this particular case. Because the opposing counsel said that we didn't appeal certain decisions. But we didn't have a right to appeal. We never got a final judgment under Supreme Court rules. Because you settled the case. I mean, if you'd fought it to a judgment, then you could have appealed. When you settle a case, by definition, you can't appeal. But Your Honor, the settlement was a temporary action in that action. Once nothing happened between the parties for one year, again, the case is dismissed. It is not closed. It is actually dismissed with prejudice. There are no claims pending between any parties whatsoever. That sounds like it's closed to me, if it's dismissed with prejudice. But what's important for the court to understand is in this particular case, the defendants in this particular case and the plaintiffs. I'm sorry, the plaintiff in this case, which was the defendant in the state court case, got a benefit also from the agreement that was entered. It was no unlawful contact between the parties, which it's a normal law that you cannot cause difficulties with other individuals who do unlawful acts anyway. So what that agreement was is that we would not cause difficulties between each other. Was there anything in the order that actually dismissed the case with prejudice that specifically said the settlement agreement was vacated as well? Yes. No, strike that. The order of protection was vacated. And then there was a temporary order or a dismissal without prejudice. And if in fact the parties were to abide by the agreement, the case would be dismissed with prejudice. And I think that's an important fact. So you're saying that all the obligations that the parties agreed to in the settlement agreement are no longer binding upon them? 100%. They're no longer to abide by those particular rules. But your client can't go back in the Inverness residence. He cannot go back into the Inverness residence. So then the terms would still apply. But the lease judge that they had allowed him to have possession of those premises. You're going back to the original argument that if your client can't go back and live in that residence then the terms of the settlement agreement still apply. That was the whole point of the emergency order of protection was to get your client and his girlfriend and the child out. And Judge, I would disagree with that. And I would say that the Illinois law itself prohibits my client from going into that home. Well, trespassing. It does not have a legal right. Well, let's talk about there's another provision where the parties agreed to refrain from making any disparaging statements against one another, right? Correct. And your position today is that that obligation no longer binds the parties? That obligation no longer binds the party because that agreement was only for one year. And where in the agreement does it say it's only for one year? I can't find it anywhere. Well, what it states is that if you abide by this agreement for one year the case would be dismissed with prejudice. Since the case is dismissed with prejudice, anything in that case- But it's dismissed with prejudice according to the terms of the settlement agreement, right? And so the settlement agreement is what effectuates the dismissal with prejudice. Without the settlement agreement there wouldn't have been a dismissal with prejudice. But there's a timeframe that that agreement is for one year. The parties are not to do any unlawful acts. We're being loose with our terms here. The agreement wasn't for a year. It was that the case would be dismissed after a year. Right, and once the case is dismissed I believe that agreement is, part of that case is also dismissed. It's a temporary type order. The one year agreement is what gave the court jurisdiction to enforce it if the parties didn't comply with it during that one year. During that one year. Now the court has no authority-  But that's because the case is closed. Not because the settlement is no longer good. But if the settlement was good, that court would always retain jurisdiction to enforce that agreement. So I ask the court to take that- That's not true because the court loses jurisdiction once it closes the case. Once it closes the case, most likely- With prejudice. When it's dismissed with prejudice you lose jurisdiction. Correct, you'd have to file a new suit. Correct, but everything in that case is dismissed with it. Thank you, Mr. McAtully. Thank you, Ms. Conkle. Thank you, Mr. Jalapour. Thank you, Ms. Bichelle. The case will be taken under advisement.